UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund, Rick Battis and Steve Thom, as Trustees of the Twin City Floor Covering Industry Pension Fund, <br><br>Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, <br><br>Trustees of the Twin City Floorcovering Industry Apprenticeship Training Fund, <br><br>and each of their successors, <br><br>          Plaintiffs, <br><br>vs. <br><br>Marlow Floor Covering, Inc. <br><br>          Defendant. | Civil File No. _____ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.  Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(9).

2. Plaintiffs Rick Battis and Steve Thom, and any subsequently appointed successor, are Trustees of the Twin City Floor Covering Industry Pension Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Twin City Carpenters Pension Master Trust Fund. The Funds are a multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Funds are administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

4. The Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

5. The Twin City Floorcovering Industry Apprenticeship Training Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

6.      Plaintiffs John Raines, Tim McGough, Rick Battis, and Steve Thom, and any subsequently appointed successor, are Trustees of the respective Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

7.      Defendant Marlow Floor Covering, Inc. is a Minnesota business corporation and is engaged in the floor covering business with an address of 1348 – 131st Avenue NE, Blaine, MN 55434.  Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

8.      This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

9.      The trust funds for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**COLLECTIVE BARGAINING AGREEMENT**

10.     On May 17, 2011, Defendant Marlow Floor Covering, Inc. executed and agreed to be bound to a Collective Bargaining Agreement, the Minnesota Floorcovering

3

Agreement with the Carpet, Linoleum, Resilient Tile Layers, Local Union #68 (f/k/a Local Union #596) of the North Central States Regional Council of Carpenters ("Union").

11. Pursuant to Article 27, the Collective Bargaining Agreement shall continue in full force and effect from year to year thereafter unless written notice of intention to terminate or modify the Collective Bargaining agreement is made by either party to the other sixty (60) days prior to the date of expiration or any anniversary date.

12. The Collective Bargaining Agreement requires employers, such as Defendant Marlow Floor Covering, Inc., to make fringe benefit contributions to the Funds in accordance with its' terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

13. The employer, such as Defendant Marlow Floor Covering, Inc., is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 10th day of the following month. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

14. The Collective Bargaining Agreement also requires employers, such as Defendant Marlow Floor Covering, Inc., to make available its employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the

proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

15. The Collective Bargaining Agreement also requires employers, such as Defendant Marlow Floor Covering, Inc., to obtain a $50,000 surety bond to be held by the Trustees of the Funds. In the event that the employer cannot or does not secure a $50,000 bond, the employer must pay fringe benefit contributions on a weekly basis at the same time as the employer's regular payroll disbursements. Weekly basis shall mean that the employer's report and payment for a particular work week shall be due on the Friday of the following week. In addition to the weekly fringe benefit contributions, the unbonded employers and delinquent employers must also pay into an escrow account held by the Trustees or their designee(s) an amount equal to 20% of the employer's weekly fringe benefit contribution payment. The unbonded / delinquent employer shall continue to make weekly payments to the escrow account until the balance of the escrow account reaches $50,000 ($25,000 if the employer has less than 7 regular employees).

## COUNT I
## Audit Amount Due

16. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 15.

17. Plaintiffs requested that Defendant Marlow Floor Covering, Inc. produce the employment and payroll records for audit for the period of January 2010 through the present.

18. Defendant Marlow Floor Covering, Inc. produced records for review for the period of January 2010 through June 2013, and Plaintiffs' auditor prepared an invoice based upon the records produced.

19. Pursuant to the audit, the Plaintiffs discovered hours worked by various employees governed by the Collective Bargaining Agreement for which fringe benefit contribution payments were not made.

20. The amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit is $2,942.69.

## COUNT II
### Failure to Submit Reports and Contributions

21. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 20.

22. Defendant has breached its obligations under the Collective Bargaining Agreement by failing to submit the fringe fund reports and pay the contributions owing for the months of April 2014 and May 2014.

23. Upon information and belief, the Defendant employed individuals performing work covered by the jurisdiction of the Collective Bargaining Agreement during these months and will continue to employ such individuals.

24. Every month, until this matter is resolved either through dismissal or judgment, the Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and / or the payment for the amounts due are not

submitted by the 10th day of the following month, the Defendant will be delinquent for each such month.

## COUNT III
### Damages

25. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of delinquent contributions as provided for in the Collective Bargaining Agreement and the Agreement and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

26. An employer who is delinquent and has unpaid contributions shall be required to pay the Funds an additional amount of the unpaid contributions as liquidated damages together with interest on the unpaid contributions as provided for in the Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

27. Defendant is liable to the Plaintiffs for an additional amount due for liquidated damages for the audit period of January 2010 through June 2013 in the amount of $294.27, as well as interest as prescribed by the plan documents.

28. Defendant is also liable to the Plaintiffs for an additional 10% of the fringe benefit contributions disclosed to be due per the reports for the months of April 2014 and May 2014. In addition, throughout the litigation of this matter, as set forth above, fringe benefit reports and payment for fringe benefit contributions will continue to become due. If the Defendant fails to timely submit a report and / or payment for the

fringe benefit contributions for any subsequent month, i.e. June 2014 and July 2014, the Defendant will be liable to the Plaintiffs for an additional 10% of the fringe benefit contribution amounts disclosed by the Defendant on the report form for that particular month.

29.  The Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendant Marlow Floor Covering, Inc. as follows:

1.  For a Judgment in the amount of at least $2,942.69 for fringe benefit contributions due pursuant to the audit for the period of January 2010 through June 2013.

2.  For a judgment for liquidated damages and interest on the unpaid fringe benefit contributions due from the audit period of January 2010 through June 2013 or double interest if greater than interest and liquidated damages.

3.  An order requiring Defendant to immediately submit the fringe benefit fund reports for the months of April 2014 and May 2014, and all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees, and to further enjoin the Defendant from failing to timely submit reports and contributions.  The fringe fund reports and contributions must be

submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

4.  A judgment for amounts to be proven at trial for delinquent fringe benefit contributions shown to be owing pursuant to those reports, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5.  A judgment for all amounts which become due per the reports which Defendant is obligated to submit throughout this litigation, including an additional 10% of any fringe benefit contribution amounts reported for the liquidated damages.

6.  For an Order requiring Defendant to furnish Plaintiffs with the $50,000 surety bond or for Defendant to submit weekly payments into an escrow account.

7.  For an award of costs, disbursements and attorney fees according to law.

8.  For such other and future relief as the Court deems proper.

Date: July 17, 2014                ANDERSON, HELGEN, DAVIS & NISSEN, P.A.

By: _____
Pamela Hodges Nissen
Atty. Reg. No. 259810
333 South Seventh Street, Suite 310
Minneapolis, MN 55402
Telephone: (612) 435-6344
Email: phn@andersonhelgen.com

*Attorneys for Plaintiffs*

183664